THE STATE v. CHARLES E. NORD, Appellant.

Division Two, November 29, 1910.

1. **FALSE PRETENSE: Venue.** Where defendant, by false and fraudulent representations, made in Missouri, obtained in Missouri checks drawn on a Kansas bank and cashed them in Mis-

souri and obtained the money thereon here, the court should refuse an instruction telling the jury that the money was obtained in Kansas.

2. **EVIDENCE: No Exception.** Assigned error in the admission or rejection of evidence cannot be considered on appeal unless an exception to the court's ruling thereon was saved.

3. **FALSE PRETENSE: Sufficient Evidence.** Prosecutrix had sold a house in Kansas for $1100. Defendant represented to her that the Success Food Preserving Company was a corporation; that he was the manager thereof, and had its certificates of stock in his hands; that the stock was selling very fast, and he wanted her to invest while the price was low; that the company was paying forty per cent on the investment, and was one of the best investments in which she could put her money, and in order to deceive her he put an advertisement in a newspaper, offering 10,000 shares of the par value of $100 each for sale at $50 per share, "money to be used in the business," and promising fifty per cent on investment inside of a year, and declaring it a safe investment, and stating that particulars could be obtained if inquiry were addressed to the said company at a certain room in an office building. On the faith of these promises she executed to him two checks for $300 each and he cashed them and used the money for different purposes. The information charges him with having obtained the checks by false and fraudulent representations. As a matter of fact there was no such company, and no stock had ever been issued by such company, and defendant never had any of it for sale or under his control. *Held*, that the evidence abundantly supported a verdict of guilty.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw*, Judge.

Affirmed.

*Elliott W. Major*, Attorney-General, and *John M. Dawson*, Assistant Attorney-General, for the State.

(1) There are no exceptions saved to the action of the court in the admission or rejection of evidence over the objection of the appellant. Therefore, the objections to the evidence made by the appellant cannot be reviewed in this court. State v. Noland, 111 Mo. 492; State v. Barrington, 198 Mo. 76. (2) It is not necessary for the court to define in its instructions to

the jury the term "false pretense." State v. McChesney, 16 Mo. App. 269. But the court did in this instruction define the term "false pretense" correctly. 3 Words and Phrases, col. 1, p. 2663, citing in support of the text of this definition: State v. Vandimark, 35 Ark. 396; 2 Bishop's Law, sec. 415; People v. Jordan, 66 Cal. 10; People v. Wasserbogle, 77 Cal. 173; State v. Knowlton, 11 Wash. 512; State v. Fooks, 65 Ia. 196; Commonwealth v. Henry, 22 Pa. (10 Harris) 253; Jackson v. People, 126 Ill. 130; State v. Lynn, 3 Pennewile (Del.) 316; Taylor v. Commonwealth, 15 Ky. L. Rep. 49; State v. Haines, 23 S. C. 170; State v. Stewart, 9 N. D. 409. (3) Instruction 1 was properly refused, as it would have told the jury that the place of obtaining the money was in Frankfort, Kansas. This instruction was properly refused as the checks were obtained in Jackson county, as well as the money thereon. The proof conclusively shows that the appellant committed the crime of false pretense in Jackson county, Missouri. Checks were given him at Emery, Bird, Thayer Company's store. He cashed the checks at the Traders' National Bank, Kansas City, Missouri, and received the money therefor the day he cashed them, and, again, immediately issued checks upon that bank for this same money. Therefore, Jackson county was the proper forum to take cognizance of the offense. 2 Wharton's Criminal Law, secs. 1206, 1207; 1 Chitty's Crim. Law, sec. 192 *et seq.*; In re Carr, 28 Kas. 1.

GANTT, P. J.—On the 9th day of March, 1909, the prosecuting attorney of Jackson county filed in the criminal court of Jackson county an information, duly verified, charging the defendant with obtaining by false and fraudulent representations and pretenses two certain checks, of the face value of three hundred dollars each, of and from Carrie Hamilton, said checks being signed by Mrs. Hamilton by the name of C. A. Spauld-

230 Sup—42

ing and drawn on the Citizens Bank of Frankfort, Kansas, in favor of defendant.

Said checks were collected by defendant and the money obtained through the Traders' National Bank of Kansas City, Missouri. The fraudulent representations made by defendant to Mrs. Hamilton were that the Success Food Preserving Company was a corporation; that defendant had the stock of this company in his hands; that he was the full manager thereof; that the shares were selling very fast and he wanted her to invest while the shares were low; that they were paying forty per cent on the investment; that he wanted her to put her money into these shares; that it was one of the best investments in which she could put her money.

Defendant had ascertained that Mrs. Hamilton had just sold a house in Frankfort, Kansas, for $1100.

Believing these representations to be true and relying upon them, Mrs. Hamilton gave him the two checks and he obtained the money thereon in Kansas City, Missouri. As a matter of fact, it transpired there never was a corporation by the name of Success Food Preserving Company. No stock had ever been issued by such company and defendant never had any of it for sale or under his control. In order to deceive Mrs. Hamilton, defendant had published in the Kansas City Star the following advertisement: "For sale 10,000 shares in manufacturing company located in Kansas City, Missouri. We pay fifty per cent on investments inside year. Money to be used in the business. Fifty dollars per share, will double in sixty days, par value $100. This is a good safe investment. For full particulars call or address Success Food Preserving Company, 707 Bryant Building." The defendant testified in his own behalf, admitted he obtained the $600 from Mrs. Hamilton, but denies he told her the company was incorporated, but did tell her the stock was worth one hundred dollars per share. Says

she gave him the money. She knew what business he was in and that he needed the money to promote the business; that he paid the money out for different purposes. There was other testimony tending to show the fraudulent intent with which defendant induced Mrs. Hamilton to part with her money. Defendant obtained the remainder of the $1100, after getting the $600.

Defendant is not represented in this court but we have read the whole record.

I. The information is sufficient both in form and substance. No good purpose can be subserved by reproducing it in full in this opinion. It measures up to the requirements of previous decisions of this court.

II. No objections and exceptions were saved to the instructions given by the court of its own motion on behalf of the State. On the part of the defendant, the court was requested to instruct the jury that the money was obtained in Kansas and the court had no jurisdiction to try the cause. This was refused and defendant assigned its refusal as ground for new trial. This instruction was properly refused. The evidence clearly showed the checks and money were both obtained in Jackson county, Missouri. The second instruction was properly denied for the reason that the fraudulent representations were all of them existing facts, upon the faith and truth of which the prosecutrix parted with her money. The third instruction asked by defendant was fully covered by the instructions already given by the court, and numbered six and seven. The fourth instruction on behalf of defendant was unsupported by any testimony, and was properly refused.

III. No exceptions were saved to the action of the court in the admission or rejection of evidence and hence there is nothing to review in that respect.

IV.  The complaint that the verdict was not supported by the testimony and was against the weight of the evidence, is entirely without merit.  By utterly false statements as to the existence of a corporation known as the Success Food Preserving Company; the value of its stock; that its shares were selling rapidly and were paying forty per cent upon the investment and by assuring her all this stock was under his control, he induced the prosecutrix to part with the proceeds of her lot in Kansas and converted the same to his own use and left her penniless.  It would be hard to conceive of a more iniquitous scheme to obtain title to the estate of a confiding woman.  Every representation purported to state a fact then existing and every one was utterly false.  The jury could not have reached any other verdict in view of the evidence and instruction of the court.

There is no error in the record and the judgment is affirmed and will be carried into execution.